No. 13,209.

PETTIT ET AL. *v.* WALINE.
(36 P. [2d] 163)

Decided September 10, 1934.

Mr. Horace N. Hawkins, Messrs. Keating, Shireman & Comstock, for plaintiffs in error.

Mr. Max D. Melville, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

John P. E. Waline, referred to herein as the plaintiff, obtained a judgment against Laura H. Pettit, and Roberta H. Leigh, referred to herein as the defendants.

The defendants own lots 9, 10 and 11 in Stanley Heights, Jefferson county. The lots are numbered consecutively from west to east. Each lot is 438.33 feet wide (east and west) and 994 feet long (north and south). The southern end of the lots abuts on a county road. The natural slope of the land is to the south. South of the road and abutting thereon is lot 16, owned by the plaintiff. The Wanamaker ditch, from which both the plaintiff and the defendants obtain water to irrigate their lands, runs through the northern part of lots 9, 10 and 11. A lateral ditch, taking water from the Wanamaker ditch at a point a few feet west of the west line of lot 9, runs south parallel with that line to a point a few feet south of the north boundary line of the county road,

and thence east in the road, parallel with and a few feet south of the defendants' property line. The plaintiff's diversion box is placed in the lateral opposite the eastern part of lot 11.

The plaintiff claims ownership of the lateral; alleges that the lateral is of a capacity sufficient to carry the plaintiff's water only; complains that the defendants wrongfully discharge waste water from their land into the lateral in the road, depositing in the lateral large quantities of silt and sediment, which the plaintiff is compelled to remove at considerable expense; and alleges that the defendants threaten to continue their wrongful acts. The plaintiff seeks an injunction restraining the defendants from discharging waste water into the lateral and from otherwise interfering with it.

At the close of the evidence the court found that the defendants have a right to use the lateral for the carrying of the waste water from their lands, on condition that they keep it clean and free from refuse and bear one-half of the expense of cleaning the lateral from a point below where the waste water flows into it. The court denied the application for an injunction and appointed Carroll H. Coberly, a civil engineer, a commissioner to recommend the size of the division box and the most convenient point or points to have the waste water discharged into the lateral. On August 1, 1930, the commissioner made his report. He recommended six points for the discharge of waste water into the lateral, five of them being above and one below the diversion box. The report stated: "As the Pettit land is farmed at the present time these five ditches are all at the lower end of separate fields and are ample to take care of any waste water which may accumulate on the Pettit land." On November 16, 1931, the court signed the decree, adjudging inter alia, that the plaintiff and the defendants are entitled to use the lateral jointly for the carrying of water, and "that the defendants are entitled to discharge the waste water from their said land into said ditch" at the six points recommended

by the commissioner in his report, four being on lot 9, one on lot 10 and one on lot 11.

The defendants object only to that part of the decree limiting them to the six points in running their waste water into the lateral. They say that in that respect the decree went beyond the issues, and, moreover, that it had no evidence to support it, but was based upon the unsworn report of an engineer.

■ 1. We think counsel's construction of the pleadings is too narrow. In our opinion, the determination of the points of discharge was fairly within the issues.

■ 2. No objection was made to the appointment of the commissioner for the purpose of recommending points of discharge of waste water into the lateral. Although the report was filed on August 1 and the decree was not signed until November 16, no objection to the report, or to its consideration by the court, was made during that interval and no request was made to introduce evidence relating to the impracticability or undesirability of limiting the discharge of waste water to the points recommended. The objection should have been presented to the trial court. It is our opinion that the defendants are in no position to urge at this time that the engineer was not sworn as a witness.

■ 3. When the court was about to sign the decree, the defendants objected to the decree so far as it restricted the defendants' use of the lateral as a waste ditch to the points designated in the decree.

So far as the decree covers present conditions, and doubtless that was the court's intention, we cannot disturb it. The commissioner's recommendations, upon which alone the questioned provision of the decree was based, related only to conditions as they existed at the time the engineer made his report—"As the Pettit land is farmed *at the present time,*" etc. A change in the manner of farming the land, or other change in the use of the land, might imperatively require a discharge of the waste water at points other than those designated in

364

the decree. For example, the land is near Denver, and the platting of the land into residence lots in a few years is entirely probable. In such case, it doubtless would be necessary to change the points of discharge. Unfortunately, the decree was not so worded as to provide for changed conditions.

The decree is modified by adding thereto this provision: "This decree is without prejudice to the right of the defendants and their successors in interest to apply, whenever changed conditions make it necessary, for a change of any point or points of discharge of waste water from their land into the lateral ditch."

As so modified, the decree is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.